IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00160-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   FERNANDO MENDOZA-GOMEZ,
2.   ELISEO AVALOS-TORRES,
3.   PEDRO LUJANO-GONZALEZ,
4.   CARLOS SALCIDO-GARCIA,
5.   ERNESTO GARCIA,
6.   RAUL MENDOZA-LOPEZ,
7.   SANTOS ADOLFO FUNEZ,
8.   FEDERICO LOPEZ,
9.   JOSE ESCALERA-GARCIA,
10.  RURI ESCALERA,
11.  QUANG PHAM,
12.  BERNARDINO GAMILLO,
13.  ROBERTO TREVIÑO,
14.  JUSTIN GRIFFIN,
15.  JESUS GARCIA-SALAS,
16.  JAMIE GRAHAM,
17.  MARTIN ARIZMENDI-MORENO,
18.  IGNACIO GOMEZ-RODRIGUEZ,

    Defendants.
_____

## ORDER
_____

This matter comes before the Court on the Government Motion to Designate Case as Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) [Docket No. 136], wherein the United States asks the Court to declare the case "complex" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). The motion indicates that the government has contacted the attorneys representing the defendants who have appeared in this matter and that

the defendants either have no objection or take no position regarding the government's motion.

The United States does not indicate what period of time it asks be excluded from the speedy trial period. Thus, on its face, the motion is deficient. *See United States v. Toombs*, 574 F.3d 1262, 1271-1272 (10th Cir. 2009). However, given that the motion is anticipatory of the probable inability of defendants to be prepared for a trial set within the speedy trial deadlines, it is appropriate to learn the position of the defendants. Wherefore, it is

ORDERED that, on or before May 13, 2013, defendants shall respond to the government's motion, indicating, based on what is presently known to each defendant, (a) whether the attorney for the defendant has conferred with his or her client regarding the effect of the Court granting the motion, namely, a postponement of the trial; (b) the defendant's position on the government's motion; (c) what types of motions (e.g. suppression, wiretap, Franks) the defendant anticipates filing or may file; (d) what calendar date the defendant would be in a position to file motions; (e) what calendar date that the defendant would be prepared to begin the trial. In order to set forth an adequate basis for the exclusion of time under *Toombs*, a **defendant must explain why a particular amount of time should be excluded from the speedy trial period** (as compared to a lesser amount of time).

DATED May 6, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge